UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

THOMAS NGUYEN,

                            Plaintiff,                    **MEMORANDUM & ORDER**
                                                                        14-CV-1058 (MKB)
          v.

RIDGEWOOD SAVINGS BANK and
PETER BOGER,

                            Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Thomas Nguyen, proceeding *pro se*, commenced this action on February 18, 2014, against Defendants Ridgewood Savings Bank ("Ridgewood") and Peter Boger, the President, Chairman and Chief Executive Officer of Ridgewood. Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and under 42 U.S.C. § 1983, alleging denial of his Fifth Amendment rights and "rights guaranteed by many statutes."[1] (Compl. 1 ¶ V.)[2] On March 11, 2014, Defendants moved to dismiss the Complaint pursuant to

---

[1] In his Complaint, Plaintiff does not specify any statutes. In a letter dated December 4, 2014, received by the Court on December 5, 2014, Plaintiff refers to the New York Fair Credit Reporting Act, the New York False Claims Act, the Dodd-Frank Act, 12 U.S.C. §§ 5531, 5536(a), 5563, 5565, 42 U.S.C. Section 1985(3), and federal criminal law, 18 U.S.C. § 1519. The Court declines to construe Plaintiff's December 4, 2014 letter as an amendment to his Complaint. To the extent Plaintiff has any factual allegations sufficient to state a claim under any of the enumerated civil statutes, Plaintiff should include all of the necessary allegations in an amended complaint. The Court notes that there is no private right of action under 18 U.S.C. Section 1519. *See Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009) (collecting cases), *aff'd*, No. 09-CV-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010).

[2] For the purposes of this Memorandum and Order, the Court will refer to the Complaint and the documents annexed to the Complaint as the "Complaint." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))). For ease of reference the Court refers to the

Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court grants Defendants' motion. Plaintiff is granted leave to file an amended complaint.

**I. Background**

According to Plaintiff's Complaint, in or about October 2007, Plaintiff obtained a secured loan of approximately $7,000 from Ridgewood. (Compl. 10.) Between the date of the loan and June 2013, Ridgewood furnished information to credit reporting agencies which indicated Plaintiff had missed payments on his loan on approximately 22 occasions. (*Id.* at 1 ¶ IV, 11.)

Sometime in 2013, Plaintiff reported to the Federal Deposit Insurance Corporation's ("FDIC") Consumer Response Center that he had concerns regarding the accuracy of Ridgewood's bank records as they related to the timeliness of his loan payments. (*Id.* at 4.) The FDIC Consumer Response Center contacted Ridgewood on Plaintiff's behalf. (*Id.*) On or about November 19, 2013, Ridgewood, through its Vice President Vito DiBona, issued a response to the FDIC Consumer Response Center's inquiries and sent a copy directly to Plaintiff. (*Id.*) This response outlined Ridgewood's analysis which led it to conclude that Plaintiff's payments were delinquent, as reported to the credit reporting agencies. (*Id.*) The FDIC Consumer Response Center requested additional information, and on December 9, 2013, Ridgewood issued a second response indicating that it had reconsidered its original analysis, decided to expunge the entire delinquency history from Plaintiff's account and would update the records provided to the credit

---

electronic case filing (ECF) page numbers. Citations to paragraphs, when included, are to the paragraphs as numbered in the Complaint.

2

reporting agencies to reflect the corrected account information. (*Id.*) On December 16, 2013, the FDIC Consumer Response Center sent a letter to Plaintiff stating these facts.[3] (*Id.*)

On or about December 29, 2013, Plaintiff sent a letter to Boger stating that Ridgewood's reports of delinquent payments had affected Plaintiff's credit score and financial livelihood. (*Id.* at 5.) Plaintiff also stated in the letter that the inaccurate reports were a reason that two of his bank accounts, held at another bank, were closed in 2012, and that the situation contributed to his "cardiac problem."[4] (*Id.* at 13.)

## II. Discussion

### a. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must take all of the factual allegations in the complaint as true." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)); *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible

---

[3] Between the receipt of the December 16, 2013 letter and January 17, 2014, Plaintiff again contacted the FDIC's Consumer Response Center regarding Ridgewood. (Compl. 3.) Plaintiff has not specified the reason for this second contact, whether the FDIC has responded to his questions or concerns, and what, if any, resolution was reached. (*See generally* Compl.)

[4] In his Complaint, Plaintiff states: "That's why I am now having a cardiac problem that is probably, in part (largely), caused by the 'illegal' closing of those 2 accounts as I found out, but not surely, sometimes [*sic*] in 2012 at a 456BANK branch on Flatbush Avenue in Brooklyn." (Compl. 13.) Plaintiff later states that "[f]or professional reasons and confidentiality, the name[] of the financial institution . . . [has] been withheld." (*Id.* at 15.)

3

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678); *see also Pension Ben. Guar. Corp.*, 712 F.3d at 717–18. A complaint need not contain "detailed factual allegations," but a plaintiff must do more than present "an unadorned, the defendant-unlawfully-harmed-me accusation." *Matson*, 631 F.3d at 63 (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Pension Ben. Guar. Corp.*, 712 F.3d at 718 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[5] *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to

---

[5] When deciding a motion to dismiss, a court's review is limited to the four corners of the complaint, as well as (1) documents attached to the complaint, (2) any documents incorporated in the complaint by reference, (3) any documents deemed integral to the complaint, and (4) public records. *See Nielsen v. Rabin*, 746 F.3d 58, 65 (2d Cir. 2014) (Dennis, J. dissenting) (documents attached to the complaint and those incorporated by reference); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (documents integral to the complaint); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (public records).

amend the complaint. *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

      **b.    Fair Credit Reporting Act**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* regulates consumer credit reporting agencies to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information. 15 U.S.C. § 1681(b). "As part of this regulatory scheme, the [FCRA] imposes several duties on those who furnish information to consumer reporting agencies."[6] *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150–51 (2d Cir. 2012) (citing 15 U.S.C. § 1681s–2); *Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475, 2002 WL 31106934, at *3–5 (S.D.N.Y. Sept. 20, 2002) ("The FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." (citing 15 U.S.C. § 1681, *et seq.*; *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002); *Thomasson v. Bank One, La., N.A.*, 137 F. Supp. 2d 721, 722 (E.D. La. 2001))). In essence, these obligations involve the duty to provide accurate information and to correct inaccurate information, 15 U.S.C.

---

[6] Under the statute, "consumer reporting agencies," sometimes referred to as "credit reporting agencies," are defined as certain entities which "regularly engage[] in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). A "furnisher" is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 16 C.F.R. § 660.2. Defendants state, and Plaintiff does not dispute, that Ridgewood is a furnisher. (Def. Mem. in Support of Mot. to Dismiss, Docket Entry No. 10 ("Def Mem."), at 4; Pl. Opp'n Letter dated April 16, 2014, annexed to Pl. Aff. in Opp'n to Mot. to Dismiss, Docket Entry No. 15 ("Pl. Opp'n Letter"), at 2.) *Cf. Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 140–41 (E.D.N.Y. 2005) (noting defendant bank, with whom plaintiff had an outstanding loan, was a furnisher of information and not a consumer reporting agency); *DiGianni v. Stern's*, 26 F.3d 346, 348–49 (2d Cir. 1994) (holding retail stores that merely provide information on consumer's creditworthiness are not consumer reporting agencies).

§ 1681s–2(a),[7] and to conduct an investigation after receiving notice of a credit dispute from a consumer reporting agency, § 1681s–2(b). *See Longman*, 702 F.3d at 150 ("Among these are duties to refrain from knowingly reporting inaccurate information, *see* § 1681s–2(a)(1), and to correct any information they later discover to be inaccurate, *see* § 1681s–2(a)(2)."); *Redhead*, 2002 WL 31106934, at *4 ( "The FCRA imposes two [general] duties on furnishers of information, codified at 15 U.S.C. §§ 1681s–2(a) and (b).").

Under certain circumstances, an individual may bring a civil cause of action against any entity who "'willfully fails to comply with any requirement imposed under' the [FCRA] and [may] recover actual or statutory damages, punitive damages, costs, and attorneys' fees."[8] *Longman*, 702 F.3d at 151 (quoting 15 U.S.C. § 1681n(a)); *see also Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005) (same). However, certain requirements are only triggered when a furnisher receives notice of a credit dispute from specified parties. *See* 15 U.S.C. § 1681s–2(a)(8), (b). "Consumers have the right to dispute any information reported to a credit reporting agency." *Corcia v. Asset Acceptance, LLC*, No. 13-CV-6404, 2014 WL 3656049, at *5 (E.D.N.Y. July 22, 2014) (citing 15 U.S.C. §§ 1681g(c)(1)(B)(iii), 1681i(a)(1)(A), 1681s–2(a)(8)). If a consumer files a dispute directly with the furnisher of the disputed information, the furnisher must investigate the dispute in accordance with the procedures outlined in the statute and regulations. *Id.* (citing § 15 U.S.C. 1681 s–2(a)(8); 16 C.F.R. § 660.4; *Longman,* 702 F.3d at 151). If the consumer files a dispute with the consumer

---

[7] Among the listed duties in subsection (a) is the duty to conduct an investigation after receiving notice from a consumer that the consumer disputes the accuracy of the furnished information. 15 U.S.C. § 1681s–2(a)(8).

[8] Actual damages, costs, and attorneys' fees are also available against entities who are negligent in failing to comply with certain provisions of the FCRA. *See* 15 U.S.C. § 1681*o*. Plaintiff does not allege negligence in this action.

reporting agency, both the consumer reporting agency and the furnisher of the disputed information have a duty to investigate the dispute. *Id.* (citing 15 U.S.C. §§ 1681i(a)(1)(A), 1681s–2(b)).

### i. No private cause of action under Section § 1681s–2(a)

Plaintiff argues that Defendants are liable to him for inaccurately reporting missed payments and non-payments to credit bureaus on 22 occasions. (*See* Compl. 5.) Plaintiff claims this violation was knowing and willful, (*id.* 2 ¶ IV), and attaches to his Complaint a December 29, 2013 letter to Boger which raised the issue of the inaccuracy. (Compl. 5–7.) Defendants argue that Plaintiff cannot state a claim to enforce the duty to provide accurate information and to correct inaccurate information provided in Section 1681s–2(a) because only government officials can enforce this section of the statute. (Def. Mem. 4.)

"[T]here is no private cause of action for violations of [Section] 1681s–2(a)." *Longman*, 702 F.3d at 151 (collecting cases); *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010). The statute expressly provides that Section 1681s–2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); *see Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847, 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005) ("[T]here is no private cause of action under Section 1681s–2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials." (internal quotation marks and alteration omitted)). To the extent Plaintiff alleges violations of subsection (a) of section 1681s–2 — which prohibits knowingly reporting inaccurate information, 15 U.S.C. § 1681s–2(a)(1), failing to correct and update information, *id.* § 1681s–2(a)(2), and failing to investigate a dispute raised directly to the furnisher by a consumer, *id.* § 1681s–2(a)(8) — the Complaint fails to state a claim and is dismissed.

### i. Limited private cause of action under Section § 1681s–2(b)

As noted above, upon proper notice, furnishers of information must investigate credit disputes in accordance with the statute and attendant regulations. Section 1681s–2(b) provides that furnishers of information, "after receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided . . . to a consumer reporting agency," must investigate the disputed information according to specific procedures. Section 1681i(a)(2) requires consumer reporting agencies to notify furnishers of information regarding an underlying credit dispute if the furnisher provided the information in dispute.

Defendants argue that, as a furnisher of information, Ridgewood was required to conduct an investigation pursuant to Section 1681s–2(b) only if it received notice of the underlying credit dispute from a consumer reporting agency, but not where it received notice from the FDIC Consumer Response Center. (Def. Mem 4–5.) Plaintiff repeatedly refers to the investigation conducted by the FDIC Consumer Response Center and argues that Defendants were "keeping silen[t]" in response to the complaints lodged by Plaintiff with the FDIC. (Pl. Opp'n Letter 2.)

Although the Second Circuit has not directly addressed the issue, the majority of courts to address whether a private right of action exists for willful or negligent noncompliance with Section 1681s–2(b) have recognized one. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) ("We join the vast majority of courts to have considered this issue in holding that a plain reading of the FCRA's text indicates that a private cause of action exists for individuals seeking remedies for furnishers' violations of § 1681s–2(b)."); *Redhead*, 2002 WL 31106934, at *5 (collecting cases); *see also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783, 783 n.4 (W.D. Ky. 2003) (same). "A claim is stated pursuant to that section, however, only if plaintiff

shows that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" *Markovskaya v. Am. Home Mortgage Servicing, Inc.*, 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012) (quoting *Redhead*, 2002 WL 31106934, at *5). A reading of the plain language of Section 1681s-1(b) makes it clear the duty to investigate a credit dispute is triggered only upon notice of the dispute from a consumer reporting agency. *Id.* at 344 ("Plaintiff's only claim can be pursuant to Section 1681s–2(b). As noted, such a claim is stated only when [p]laintiff can show that the furnisher received information regarding a consumer's credit directly from a credit reporting agency, and not only from the consumer."); *Dickman v. Verizon Commc'ns, Inc.*, 876 F. Supp. 2d 166, 172-74 (E.D.N.Y. 2012) ("[U]nder § 1681s–2(b), [a] defendant ha[s] no duty to investigate [a] credit dispute unless defendant received notice of the dispute from a consumer reporting agency." (alterations in original) (internal quotation marks omitted) (quoting *Prakash v. Homecomings Fin.*, No. 05-CV-2895, 2006 WL 2570900, at *3 (E.D.N.Y. Sept. 5, 2006))); *Kane*, 2005 WL 1153623, at *4 ("[T]he duty to investigate in Subsection (b) is triggered only after a furnisher of information receives notice *from a credit reporting agency* of a consumer's dispute.").

### 1. Ridgewood Savings Bank

Thus, to state a claim against Ridgewood for a violation of 15 U.S.C § 1681s–2(b), Plaintiff must allege that Ridgewood received notice from a consumer reporting agency stating that Plaintiff disputed the accuracy of the reported information. Plaintiff has alleged that Ridgewood received such notice from the FDIC Consumer Response Center,[9] but the FDIC

---

[9] To the extent Plaintiff may have personally notified Ridgewood of the credit dispute, this would trigger Ridgewood's duty to investigate direct disputes from consumers under Section

Consumer Response Center is not a consumer reporting agency. 15 U.S.C. § 1681a(f) (A consumer reporting agency is an entity which, in exchange for a monetary fee, "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties."). However, even if the notice received from the FDIC Consumer Response Center was sufficient to trigger Ridgewood's duty under Section 1681s–2(b), Plaintiff has not alleged that Ridgewood's investigation failed to comport with the requirements under the statute. Plaintiff alleges in the Complaint that Ridgewood investigated the credit dispute, provided responses to both the FDIC Consumer Response Center and to Plaintiff, and ultimately determined that the reported information would be modified and the delinquency history would be expunged — all actions which are appropriate pursuant to the terms of the statute. (*Compare* Compl. 4 *with* 15 U.S.C. § 1681s–2(b).) Beyond these facts, Plaintiff merely alleges in a conclusory fashion that Defendants "knowingly, willfully, and deliberat[ely] violated Plaintiff's right(s) under statutes." (Compl. 2 ¶ IV.) Such conclusory allegations are insufficient to state a claim, and in fact, directly contradict Plaintiff's factual allegations in the Complaint. *See Matson*, 631 F.3d at 63 (noting a plaintiff must do more than present "an unadorned, the defendant-unlawfully-harmed-me accusation" (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)).

The Court dismisses, without prejudice, Plaintiff's FCRA claim against Ridgewood. Plaintiff failed to plausibly allege that Ridgewood received notice of Plaintiff's dispute from a

---

1681s–2(a)(8) of the FRCA. As discussed above, there is no private right of action to enforce subsection (a). *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (upholding grant of summary judgment for claims alleging violations of 15 U.S.C. §§ 1681s–2(a)(1), (a)(2) and (a)(8), holding "there is no private cause of action for violations of § 1681s–2(a)").

consumer reporting agency, and failed to plausibly allege that Ridgewood violated its duty to investigate pursuant to the statute. If Plaintiff can allege a plausible claim that Ridgewood violated § 1681s–2(b), and can ultimately support such an allegation with credible evidence, such allegations should be included in an amended complaint.

### 2. Peter Boger

Plaintiff has not alleged, and has presented no facts that would support a finding that, Boger had any duty to Plaintiff under the FCRA. There is no allegation that Boger himself provided information about Plaintiff to any consumer reporting agency, or in any other way acted as a furnisher of information, which would give rise to an independent duty on the part of Boger. Furthermore, as discussed above, Plaintiff does not allege that Boger had notice of Plaintiff's dispute from a consumer reporting agency. *See Fashakin v. Nextel Commc'ns*, No. 05-CV-3080, 2006 WL 1875341, at *6 (E.D.N.Y. July 5, 2006) (dismissing claim brought under Section 1681s–2(b) when "nowhere in the pleadings does Plaintiff allege that Defendant Donahue, the CEO of Nextel, received notice from a credit reporting bureau of Plaintiff's complaint" (citing *Kane*, 2005 WL 1153623, at *4)). Thus, Plaintiff has not pled sufficient facts to support a plausible claim for relief against Boger. *See Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678).

The Court dismisses, without prejudice, Plaintiff's FCRA claim against Boger. If Plaintiff can allege a plausible claim that Boger had responsibilities under § 1681s–2(b) and violated those responsibilities, and can ultimately support such an allegation with credible evidence, such allegations should be included in an amended complaint.

### b. Section 1983 claim

Plaintiff argues that Defendants deprived him of his "right to life, liberty, and the pursuit of happiness." (Compl. 3 ¶ V.) This claim is not cognizable under 42 U.S.C. § 1983. In order to sustain a claim for relief under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

Plaintiff has not stated a claim under Section 1983 against either Defendant. Plaintiff has acknowledged that Ridgewood is a private corporation and Boger is a private individual, acting as Ridgewood's CEO. (Compl. 2 ¶ II.) Plaintiff has not alleged that Defendants were, in any way, acting under color of state law, nor has he provided any facts which would support such an allegation. Furthermore, Plaintiff alleges no specific violation of his constitutional or federal rights, other than his vague invocation of the "right to life, liberty and the pursuit of happiness, and the rights guaranteed by many statutes." (Compl. 3 ¶ V.) In support of his claims, Plaintiff merely argues that "by using default and logic," requiring state action and a deprivation of a federally protected right is "based on a false interpretation of the law." (Pl. Opp'n Letter 2.) This argument is meritless, and Plaintiff's Section 1983 claims are dismissed with prejudice.

**III. Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss the Complaint in its entirety for failure to state a claim. Plaintiff is granted thirty days to file an amended complaint to correct any of the identified deficiencies as to his Fair Credit Reporting Act claim.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: December 17, 2014
       Brooklyn, New York